IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>URAYB WAHDAN and<br>SAID WAHDAN,<br><br>*Defendants.* | Civil No. 1:17-cv-1287-MSK<br><br>**UNITED STATES' MOTION TO REOPEN DISCOVERY FOR THE PURPOSE OF SERVING ONE DEPOSITION SUBPOENA [Expedited Briefing Schedule Requested]** |

The United States, by undersigned counsel, hereby moves the Court pursuant to Fed. R. Civ. P. 16(b) to reopen discovery for the limited purpose of taking the deposition of Rana Wahdan, the daughter of the defendants. As detailed below, Ms. Wahdan was not disclosed to the United States as a potential witness until less than 30 hours before discovery ended. Soon thereafter, counsel for the United States asked Defendants' counsel to join a motion to reopen discovery in order to depose Ms. Wahdan. Defendants' counsel objected, and stated that it was his understanding that Ms. Wahdan, an attorney with the Department of Justice in Washington, D.C., was willing to meet with and cooperate with the United States. Given those assurances, and in an effort to save time and expense of the parties and the Court, counsel for the United States then contacted Ms. Wahdan about setting up an interview. On November 13, 2018, Ms. Wahdan informed counsel that she would not agree to such an interview.

Further, the United States requests that the Court set an expedited briefing schedule on this motion.

Counsel for the United States has conferred with Defendants' counsel concerning this motion as required by D.C.Colo.LCivR 7.1. Defendants' counsel opposes this motion.

I.   Procedural and Factual Background

On July 18, 2018, the Court granted the United States' Motion to Extend Discovery Deadline, setting a discovery completion date of August 31, 2018 (Dkt. # 54).

On August 21, 2018, the United States took the deposition of Said Wahdan. Deposition of Said Wahdan ("S. Wahdan Dep."), attached as Exhibit 1 to Declaration of Rick Watson ("Watson Decl."). Mr. Wahdan testified that he completed the 2009 Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts ("FBAR") by hand. S. Wahdan Dep. 138:6 – 139:12; 141:5 – 13. The 2010 FBAR was partially typed. Mr. Wahdan testified that the typing was done either by his youngest daughter or his son, he was not sure. *Id*. 150:6 – 25. Mr. Wahdan stated that he gave "the social security number, the date of birth, and instruction of what to put into it" to whichever of his children was typing the form. *Id*. 151:1 – 8. He further testified he instructed whichever child was typing the form to put "Excess of $10,000" in the block asking for the maximum yearly balance of the disclosed accounts. *Id*. 155:1 - 4. Mr. Wahdan denied seeking any advice concerning FBAR requirements from anyone prior to filing the 2010 FBAR. *Id*. 151:9 – 15; 155:20 – 156:17.

On August 30, 2018, at 8:09 p.m. EST, 6:09 p.m. MT, Defendants' counsel sent counsel for the United States "Defendants' Amended Disclosures Pursuant to Fed. R. Civ. P. 26(a)." Watson Decl. Ex. 2. This document for the first time added Rana Wahdan as a potential witness in this case. *Id*. Ms. Wahdan was listed as having "information about her role in assisting in preparing the FBAR forms for 2009 and/or 2010 because of Defendants' limited ability to understand the forms. Ms. Wahdan can attest she and her parents prepared the form(s) in good faith without the intent to conceal alleged by the government." *Id*. Contact information was

provided for Rana Wahdan, in contrast to her siblings, which the United States was instructed to contact through counsel. *Id*.

On September 10, 2018, counsel for the United States had a telephone conference with Defendants' counsel (Mr. Newman and Mr. Sigmund) to discuss, *inter alia*, whether they would oppose a motion to reopen discovery for the limited purpose of deposing this late disclosed witness. Watson Decl., ¶ 4. Mr. Newman stated that he would oppose the motion. *Id*. He also stated that it was his understanding that Rana Wahdan, who is currently an attorney with the United States Department of Justice in Washington, D.C., would agree to an interview with the United States in lieu of a deposition. *Id*. Based on Mr. Newman's representations, counsel for the United States agreed to conduct an interview of Ms. Wahdan rather than move to reopen discovery to take her deposition. *Id*.

On September 19, 2018, counsel for the United States sent Rana Wahdan an email requesting that she set up a time to meet with counsel for the United States. Watson Decl. Ex. 3. On September 26, 2018, Ms. Wahdan responded that she had received our email and that she would get back to us as soon as possible. *Id*. On November 9, 2018, having received no further response, counsel for the United States sent another email to Ms. Wahdan requesting an interview. Watson Decl. Ex. 4. On November 13, 2018, Ms. Wahdan informed counsel for the United States that she would not agree to an interview. *Id*.

II.  Standard of Review

A District Court may modify a scheduling order on a showing of good cause. Fed. R. Civ. P. 16(b)(4). Whether to modify a scheduling order "to extend or reopen discovery is commited to the sound discretion" of the Court. *Smith v. United States*, 834 F.2d 166, 169 (10th

Cir. 1987. When exercising its discretion, the Court considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence. *Id*. (citations omitted). Five of those six factors support the United States' motion to reopen discovery.

(1) <u>Trial is not imminent</u>. The trial is set to begin January 14, 2019. That gives the United States ample time to conduct the one requested deposition without disrupting the trial date or any of the remaining pretrial deadlines. Therefore, this factor favors the United States.

(2) <u>Defendants' counsel oppose the motion</u>. This factor favors the Defendants.

(3) <u>Defendants' would not be prejudiced</u>. Defendants will not be able to show any prejudice if this motion is granted, other than the fact that it will require them to expend additional resources related to the litigation. However, "[t]his Court 'has noted on multiple occasions that the ordinary burdens associated with litigating a case do not constitute undue burden' when considering prejudice to the Defendant under the *Smith* factors." *Bagher v. Auto-Owners Insurance Company*, 2013 WL 5417127, at *2 (D. Colo. Sept. 26, 2013), *citing Lord v. Hall*, 2011 WL 3861569 at *2 n.2 (D. Colo. Sept. 1, 2011). Therefore, this factor also favors the United States.

(4) <u>The United States was diligent in obtaining discovery within the guidelines established by the Court</u>. The "diligence" factor under *Smith* is met when a movant "provides an adequate explanation for any delay." *Strope v. Collins,* 315 F. App'x 57, 61 (10th Cir. 2009)

U.S. Motion to Reopen Discovery For the Purpose of Serving One Deposition Subpoena – p. 4

(quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994); *Wright v. Twin City Fire Ins. Co.*, 2014 WL 2517227, *6 (D. Colo. June 3, 2014).  Other courts have determined that a delay or late production by opposing counsel constitutes good cause for an extension.  *See United States v. Approximately $7,400 in U.S. Currency*, 274 F.R.D. 646 (E.D. Wis. 2011) (opponent's delay in producing discoverable materials constitutes good cause); *E.E.O.C. v. Hibbing Taconite Co.*, 266 F.R.D. 260 (D. Minn. 2009) (good cause exists where opponent's produces material shortly before the discovery deadline).

The first mention that Rana Wahdan may have been involved in any way in the preparation of the 2009 and/or 2010 FBAR occurred in Said Wahdan's deposition.  There, however, he testified that he prepared the 2009 FBAR himself, and that one of his children (possibly Rana) acted as a typist for the 2010 FBAR.  He specifically denied discussing the FBAR requirements with anyone prior to filing either the 2009 and 2010 FBARs.  That testimony cannot reasonably be considered as putting the United States on notice that Rana Wahdan had "information about her role in assisting in preparing the FBAR forms for 2009 and/or 2010 because of Defendants' limited ability to understand the forms.  Ms. Wahdan can attest she and her parents prepared the form(s) in good faith without the intent to conceal alleged by the government."  That information was not disclosed to the United States until August 30, 2018, at 6:09 p.m. MT.  Given that the discovery period at midnight on August 31, 2018, or less than 30 hours later, the United States had no possibility to notice Rana Wahdan's deposition for a date within the discovery period.

On September 10, 2018, counsel for the United States sought opposing counsel's consent to request that the Court reopen discovery to serve a deposition subpoena on Rana Wahdan.  Mr.

Newman stated that he would oppose such a motion because it was his understanding that Rana Wahdan, who is currently an attorney with the Department of Justice in Washington D.C., was willing to cooperate with the United States.  Based on those representations, counsel for the United States sent Rana Wahdan an email requesting an interview on September 19, 2018.  On September 26, 2018, Ms. Wahdan responded that she "would get back to you" as soon as possible.  Having received no response, counsel for the United States sent an email on November 9, 2018, requesting a decision no later than November 14, 2018.  On November 13, 2018, Ms. Wahdan responded that she would not agree to an interview.

As demonstrated above, the United States has diligently worked to complete discovery during the timeframe established by the Court.  The only reason it has not been successful are the actions of Defendants' counsel.  This factor therefore favors the United States.

(5)  The deposition was not reasonably foreseeable in the time established by the Court.

As demonstrated above, the United States had no reason to believe that Rana Wahdan had any information concerning the 2009 and/or 2010 FBARs until Said Wahdan's deposition.  Even then, the information available to the United States indicated that she *ma*y have typed the 2010 FBAR at Mr. Wahdan's direction.  Those facts did not disclose that Defendants consider Rana Wahdan to have vital information that reflects on the preparation of the FBAR forms, and that potentially goes to one of the critical issues in this case, the issue of willfulness.  That was not revealed until the eve of the expiration of the discovery period.  Therefore, Rana Wahdan's deposition was not reasonably foreseeable within the discovery period established by the Court, and this factor favors the United States.

(6) <u>It is likely that the discovery will lead to relevant evidence</u>.  Defendants' disclosures indicate that Rana Wahdan was not a mere typist, but provided substantive assistance concerning the preparation of the 2009 and/or 2010 FBARs, and has a basis to testify as to their mind set during that preparation and the submission of the forms.  That evidence is highly relevant to the issue of willfulness as to one or both of the Defendants in this case.  Therefore, this factor favors the United States.

Conclusion

This Court, in granting a motion to permit a single deposition after the expiration of a discovery deadline, has stated: "[P]erhaps most importantly, justice favors allowing a claim to be tried on its merits.  The Court is obligated to manage the case effectively and within the scope of the federal and local rules, with the purpose of facilitating the parties' presentation of a thoroughly prepared case before the District Court.  Here, this requires an extension of the discovery deadline . . ." *Benton v. Avedon Engineering, Inc.*, 2013 WL 1751886 at *2 (D. Colo. 2013).  The same conclusion is appropriate here, where Defendants failed to disclose a potentially critical witness until 30 hours before the discovery period applies.  As the United States has demonstrated that five of the six Smith factors are present under these circumstances, the Court should reopen discovery and permit the United States to depose Ms. Wahdan.

Further, the United States requests that the Court set an expedited briefing schedule on this motion.

Respectfully submitted this 23rd day of November, 2018.

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General

        */s/Alex R. Halverson*
        RICK WATSON
        ALEX R. HALVERSON
        Trial Attorneys, Tax Division
        U.S. Department of Justice
        P.O. Box 683
        Washington, D.C. 20044
        Telephone:    (202) 305-7539
        Facsimile:    (202) 307-0054
        Rickey.Watson@usdoj.gov
        Alex.Halverson@usdoj.gov

        JASON R. DUNN
        U.S. Attorney, District of Colorado
        *Attorneys for the United States of America*

## Certificate of Service

I certify that on November 23, 2018, I filed the foregoing document via the Court's ECF system, which will provide electronic service to Defendants' counsel below:

Richard Hosley
Thomas Newman
Perkins Coie
1900 Sixteenth Street
Suite 1400
Denver, Colorado 80202-5255
rhosley@perkinscoie.com
tnewman@perkinscoie.com
*Counsel for Defendants*

/s/Alex R. Halverson
ALEX R. HALVERSON
Trial Attorney, Tax Division
U.S. Department of Justice